IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD E. BINTZ, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants, <br><br> and <br><br> US WIND, INC., <br><br> Proposed Defendant-Intervenor. | Civil Action No. 25-152-GBW |

## MEMORANDUM ORDER

Pending before the Court is US Wind, Inc.'s ("US Wind") Motion to Intervene as Defendant and to Defer Filing Answer ("Motion" or "Motion to Intervene") (D.I. 3), US Wind's Opening Brief in Support if its Motion to Intervene ("Opening Brief") (D.I. 4), US Wind's Notice of Plaintiff's Non-Opposition to US Wind's Motion to Intervene ("Notice of Non-Opposition") (D.I. 17), and US Wind's Updated Notice of Non-Opposition to US Wind's Motion to Intervene ("Updated Notice of Non-Opposition") (D.I. 20). For the following reasons, the Court grants US Wind's Motion (D.I. 3).

**I.    BACKGROUND**

On February 7, 2025, Plaintiff Edward E. Bintz ("Mr. Bintz" or "Plaintiff") filed a *pro se* lawsuit in this Court against the U.S. Department of the Interior, Doug Burgum, in his official capacity as the Secretary of the Interior, the Bureau of Ocean Energy Management ("BOEM"), Walter Cruickshank, in his official capacity as Deputy Director of BOEM, the U.S. Army Corps

of Engineers ("USACE"), and Lieutenant General William H. Graham, Jr., in his official capacity as the Chief of Engineers and Commanding General of USACE (together, "Defendants"). D.I. 1 at 1-2. In his complaint, Mr. Bintz alleges *inter alia* that BOEM unlawfully approved US Wind's "Construction and Operations Plan" for its proposed "Maryland Offshore Wind Project" ("Project") and that USACE unlawfully issued a permit for the Project. D.I. 1 ¶ 1.

On March 10, 2025, US Wind filed its Motion, seeking intervention by right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, or alternatively, by permission under Rule 24(b)(1)(B). D.I. 3. Rule 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

In its Motion, US Wind also "seeks leave to file its Answer or other responsive pleading pursuant to Federal Rule of Civil Procedure 24(c) by the same deadline as [Defendants], or three days after intervention is granted, whichever is later." D.I. 3 at 1; *cf.* Fed. R. Civ. P. 24(c) ("A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and *be accompanied by a pleading that sets out the claim or defense for which intervention is sought*." (emphasis added)).

On April 30, 2025, US Wind filed its Notice of Non-Opposition. D.I. 17. Therein, US Wind correctly observes that Local Civil Rule 7.1.2.(b) requires that a response to a motion be filed within 14 days of the motion and that Mr. Bintz had, at that time, failed to file an opposition.

2

D.I. 17 at 1-2. As such, US Wind requests that the Court grant US Wind's Motion as unopposed. D.I. 17 at 2. On July 22, 2025, US Wind filed its Updated Notice of Non-Opposition. D.I. 20. Therein, US Wind apprises that Mr. Bintz, at that time, had still not filed an opposition to US Wind's Motion. D.I. 20 at 2. US Wind also apprises the Court that Defendants authorized US Wind to represent to the Court that Defendants do not take any position on US Wind's Motion to Intervene. D.I. 20 at 2. As such, US Wind renews its request that the Court grant US Wind's Motion as unopposed.

## II.  DISCUSSION

To date, Mr. Bintz has not filed an opposition to US Wind's Motion to Intervene. That said, in consideration of Plaintiff's *pro se* status, notwithstanding that "*pro se* plaintiffs are . . . expected to follow the rules of procedure" (*Fedder v. Simpson*, No. CV 24-463-GBW, 2024 WL 4188868, at *1 (D. Del. Sept. 13, 2024) (cleaned up)), the Court evaluates the merits of US Wind's Motion. *See Xenos v. Hawbecker*, 441 F. App'x 128, 131 (3d Cir. 2011) (instructing that "unless a plaintiff's failure to oppose a motion can truly be understood to reflect that the motion is unopposed - for instance, when the plaintiff is represented by counsel," the Third Circuit prefers "an assessment of the complaint on its merits"). Below, the Court analyzes (A) US Wind's request for intervention and (B) US Wind's request for leave to file a late answer or other response.

### A.  The Court Grants US Wind's Request for Intervention Under Rule 24(a)(2) of the Federal Rules of Civil Procedure

Having considered US Wind's Motion and Opening Brief, the record in this action, and the pertinent law, the Court grants US Wind's request for intervention by right.

In the Third Circuit, intervention by right requires the following four elements: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and

3

(4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014). The "polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Luster v. Puracap Lab'ys, LLC*, No. 18-503 (MN), 2021 U.S. Dist. LEXIS 262018, at *4 (D. Del. Feb. 17, 2021) (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)). "The Third Circuit's approach favors pragmatism and elasticity over rigid rules or narrow approaches; it further favors intervention over subsequent collateral attacks." *Id.* (cleaned up). US Wind establishes each of these elements.

As to the first element, US Wind's application is timely. "Timeliness is determined from all the circumstances and, in the first instance, by the trial court in the exercise of its sound discretion." *Id.* (cleaned up). Here, as US Wind observes, US Wind moved "to intervene within 31 days after Plaintiff filed his Complaint, prior to the Complaint being served on Federal Defendants, and before any responsive pleadings or motions have been filed." *See* D.I. 4 at 14. "Intervention will not cause delay, and no party will be prejudiced by the requested intervention at this earliest possible stage in the proceedings." *See* D.I. 4 at 14. For these reasons, US Wind's application is timely. *See Dept. of Nat. Resources & Env't Control v. Mountaire Farms of Delaware, Inc.*, 375 F. Supp. 3d 522, 528 (D. Del. 2019) ("Moreover, given that the motion was filed just twenty-five days after DNREC filed its Complaint, and given that this case is still at the pleadings stage, the Court finds that Intervenors did not delay and their motion is timely." (citation omitted)); *Bone v. XTO Energy, Inc.*, No. 1:21-cv-01460-JHS-JLH, 2023 WL 5431139, at *3 (D. Del. Aug. 23, 2023) ("Motions to intervene filed by individuals or entities with a purported interest in the litigation within several months of ascertaining their interest generally are considered timely, especially when little to no discovery has been conducted.")

As to the second and third elements, US Wind has a sufficient interest in the litigation that will likely be affected by the outcome of this action. As US Wind observes, "US Wind is the developer of the Project . . . and the recipient of the federal approvals Plaintiff challenges." D.I. 4 at 15. "The relief Plaintiff seeks—vacatur of US Wind's federal approvals for the Project—would significantly delay the Project construction schedule, jeopardize [US Wind's] ability to redeem the [offshore renewable energy credits] issued to it by the State of Maryland, and derail other . . . preparatory, economic investment and infrastructure measures in the region, thereby causing US Wind severe economic loss." D.I. 4 at 16.

As to the fourth element, the interest held by US Wind is not adequately represented by an existing party in the litigation. "This burden is generally treated as minimal and requires the applicant to show that representation of his interest may be inadequate." *Pennsylvania v. President United States*, 888 F.3d 52, 60 (3d Cir. 2018) (cleaned up). While "a government entity charged by law with representing a national policy is presumed adequate for the task," "when an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it, the burden is comparatively light." *Kleissler*, 157 F.3d at 972. Here, as US Wind observes, the "broad public interest the government typically defends in a lawsuit challenging federal permits is distinct from the [U.S. Wind's] more-specific commercial interests." D.I. 4 at 17. For example, the federal government does not share US Wind's interest in US Wind (1) meeting its contractual obligations, (2) redeeming its offshore renewable energy credits from the State of Maryland, and (3) capitalizing on its significant financial investments in the Project. Indeed, "the straightforward business interests asserted by [US Wind] here may become lost in the thicket of sometimes inconsistent governmental policies." *See Kleissler*, 157 F.3d at 973-74; *see also Water Auth. v. Susquehanna River Basin Commn.*, No.

1:14-CV-1076, 2014 WL 3908186, at *6 (M.D. Pa. Aug. 11, 2014) (granting motion to intervene where government agency could "not consider the specific, parochial interests related to building and operating electricity generation facilities" and, therefore, could not adequately represent movant's "business interests"). For the foregoing reasons, US Wind's interest in this action are not adequately represented by Defendants.

For the foregoing reasons, the Court grants US Wind's request to intervene by right. Since the Court grants this request, the Court denies-as-moot US Wind's request to intervene by permission.

**B.     The Court Grants US Wind's Request to File its Answer or Other Responsive Pleading By No Later Than The Same Deadline Set for Defendants**

Having considered US Wind's request for "leave to file its Answer or other responsive pleading pursuant to Federal Rule of Civil Procedure 24(c) by the same deadline as [Defendants], or three days after intervention is granted, whichever is later" (D.I. 3 at 1), the record in this action, and the pertinent law, the Court grants this request.

Rule 24(c) provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). District courts have denied motions to intervene for failing to satisfy this rule. *See, e.g., Skeans v. Key Commer. Fin., LLC*, Civil Action No. 18-1516-CFC-MPT, 2022 U.S. Dist. LEXIS 12200, at *6 (D. Del. Jan. 24, 2022) ("I agree with Skeans, however, that Peterson's intervention motion was procedurally defective. Rule 24(c) provides that a motion to intervene 'must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.' Peterson's intervention motion was not accompanied by a pleading and therefore he failed to comply with Rule 24(c). Accordingly, I will deny the motion.").

Nonetheless, the Third Circuit has recognized, without issue, that district "courts have exercised leniency in the application of Rule 24(c) despite its mandatory language." *Transource Pa., LLC v. Dutrieuille*, No. 21-2567, 2022 U.S. App. LEXIS 17285, at *9 (3d Cir. June 22, 2022). Indeed, district courts (including in this Circuit) have granted requests for leniency from Rule 24(c), and with little or no analysis. *See* D.I. 4 at 20 (citing cases). Importantly, granting US Wind's request for leniency from Rule 24(c) in this action will not cause any delay in this litigation, including because Defendants have not yet filed their own response to the Complaint. In addition, Plaintiff has not opposed US Wind's Motion.

For the foregoing reasons, the Court grants US Wind's request to file its answer or other responsive pleading by no later than the same deadline set for Defendants (currently, that deadline is August 1, 2025 (D.I. 19)).

### III.   CONCLUSION

For the foregoing reasons, the Court grants US Wind, Inc.'s Motion to Intervene as Defendant and to Defer Filing Answer (D.I. 3).

\* \* \*

WHEREFORE, at Wilmington this 25th day of July 2025, **IT IS HEREBY ORDERED** that US Wind, Inc.'s Motion to Intervene as Defendant and to Defer Filing Answer (D.I. 3) is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE