IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD E. BINTZ, | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) Civil Action No. 1:25-cv-00152-GBW </br> ) |
| UNITED STATES DEPARTMENT </br> OF THE INTERIOR, et al. | ) </br> ) </br> ) |
| Defendants. | ) </br> ) |

**FEDERAL DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

The Department of the Interior ("Interior") and U.S. Army Corps of Engineers ("Corps") (collectively, "Federal Defendants"), respectfully move this Court for an extension of Defendants' deadline to respond to Plaintiff Edward Bintz's Complaint until September 5, 2025. Good cause exists for granting the Motion, as follows:

1.  Plaintiff brought this action on February 7, 2025, challenging Federal Defendants' approvals associated with the Maryland Offshore Wind Project ("Project"). D.I. No. 1. More specifically, Plaintiff challenges Interior's approval of the Construction and Operations Plan ("COP") for the Project, and a related permit by the Corps, under the Coastal Zone Management Act ("CZMA").

2.  To allow additional time for the government to evaluate its position on the allegations in Plaintiff's Complaint, the Court entered a stipulation by the parties that extended Federal Defendants' deadline to respond to August 1, 2025. D.I. No. 19.

3.  Relevant to this Motion, another, earlier-filed action challenging federal approvals for the Project was brought by separate parties in the District of Maryland on October 25, 2024.

1

Complaint, *Ocean City v. Dep't of Interior*, No. 24-cv-03111 (D. Md. Oct. 25, 2024). The plaintiffs in *Ocean City* challenge, among other things, the same COP approval Plaintiff challenges here, alleging that Interior violated the Outer Continental Shelf Lands Act and National Environmental Policy Act. Complaint, *Ocean City v. Dep't of Interior*, No. 24-cv-03111 (D. Md. Oct. 25, 2024). The *Ocean City* plaintiffs also alleged that Interior's approval of the Project violated the CZMA, but the District of Maryland dismissed this allegation for failure to state a claim on July 2, 2025. *Ocean City v. U.S. Dep't of Interior*, 2025 WL 1827963, at *10 (Jul. 2, 2025). The *Ocean City* complaint also alleges claims against the National Marine Fisheries Service. The government's answer deadline in *Ocean City* is set for September 5, 2025.

4. The two cases are similar. The plaintiffs in both cases seek essentially the same relief, requesting vacatur of agency approvals and permits. The plaintiffs in both cases name the same, or similar, agencies by bringing claims against Interior, as well as other agencies that issued approvals associated with the Project. And, with respect to Interior, the plaintiffs in both cases challenge the same federal agency action, Interior's approval of the COP for the Maryland Offshore Wind Project.

5. An extension in this case is necessary as Interior intends to reconsider its COP approval and move in the District of Maryland—the first-filed case—for voluntary remand of that agency action. *See, e.g., Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (recognizing that administrative agencies have the authority to reconsider their decisions). The outcome of Interior's reconsideration has the potential to affect the Plaintiff's claims in this case. Thus, in order to conserve judicial resources, Federal Defendants would also seek a stay of proceedings in this Court, at least until the District of Maryland has had the

opportunity to rule on the remand motion. Continuing to litigate this case before any decision is made in the District of Maryland would potentially waste considerable time and resources for both the parties and the Court. Thus, the extension would allow the Court adequate time to consider a forthcoming motion to stay. And an extension of Federal Defendants' response date would not significantly impact the proceedings in this case.

6. Additionally, aligning the response dates in the two cases makes sense for Interior, allowing the agency to respond consistently. Accordingly, good cause exists, and Federal Defendants respectfully request an extension to September 5, 2025, to (1) allow both Courts the opportunity to evaluate forthcoming motions, and (2) align the response dates to allow Interior to respond consistently across cases.

Therefore, Federal Defendants respectfully request the Court extend Federal Defendants' deadline to September 5, 2025. The parties have conferred regarding this Motion. Plaintiff indicated that he takes no position on the Motion. US Wind indicated that it does not object to this Motion. A proposed order is attached.

| | |
|---|---|
| Dated: July 28, 2025 | Respectfully submitted, |
| | ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General |
| | JULIANNE E. MURRAY<br>United States Attorney |
| | */s/ Devon L. Tice* |
| | Devon L. Tice, Trial Attorney<br>U.S. Department of Justice<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>Tel: 202-598-1444<br>Email: devon.tice@usdoj.gov |
| | Claudia L. Pare<br>William E. LaRosa<br>Assistant United States Attorney<br>P.O. Box 2046<br>Wilmington, DE 19899-2046<br>Tel: (302) 573-6603<br>Email: claudia.pare@usdoj.gov |
| | *Counsel for Defendants* |