## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD E. BINTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 1:25-cv-00152-GBW |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF THE INTERIOR, *et al*., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| US WIND, INC. | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

## <u>DEFENDANT-INTERVENOR US WIND, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant-Intervenor US Wind, Inc. ("US Wind"), by and through its undersigned counsel, submit the following Answer to the claims and allegations set forth in the Complaint filed by Plaintiff, Edward E. Bintz (the "Complaint, and "Plaintiff," respectively). This Answer is made subject to the following limitations as if fully set forth herein.

*First,* any responses in this Answer do not constitute acknowledgment or admission of the validity or relevance of such allegations.

*Second*, where US Wind states that it lacks knowledge or information sufficient to form a belief about the truth of a certain allegation, US Wind reserves the right to argue that the allegation is true or false based on the evidence.

*Third*, the section headings and subheadings throughout the Complaint contain characterizations to which no response is required. To the extent a response is deemed required, US Wind denies any allegations in the section headings and subheadings.

*Fourth,* where an allegation identifies, incorporates, or references a separate document, denial of such allegation also denies any similar allegation contained in such document and denies that such document supports the allegation.

Introductory paragraph: The allegations in the unnumbered introductory paragraph constitute Plaintiff's characterization of the Complaint and the Defendants in this lawsuit, to which no response is required. To the extent a response is required, US Wind denies the allegations.

1.      US Wind denies the allegations in Paragraph 1.

2.      US Wind admits that the Construction and Operations Plan ("COP") for the Maryland Offshore Wind Project ("Project") has been approved by the Bureau of Ocean Energy Management ("BOEM") and the U.S. Army Corps of Engineers ("USACE") has issued a permit for the Project (Permit No. NAB-2020-60863-M30) (the "Permit"). US Wind otherwise denies the allegations in the first sentence of Paragraph 2 for failing to fully and accurately set forth the contents of the COP and Permit, which speak for themselves. US Wind admits that the approved COP's route for the Project's onshore export cable south corridor is through Indian River Bay, with landfall at 3R's Beach. US Wind otherwise denies the allegations in the second sentence of Paragraph 2.

3.      US Wind denies the allegations in Paragraph 3.

4.      US Wind admits it received two letters on July 9, 2024, signed by the former Secretary of the Delaware Department of Natural Resources and Environmental Control ("DNREC"), Shawn M. Garvin, purporting to summarize DNREC's federal consistency analysis for the COP and the Permit, respectively. US Wind otherwise denies the allegations in the first sentence of Paragraph 4. US Wind admits that DNREC concurred with US Wind's consistency certifications and otherwise denies the allegations in the second sentence of Paragraph 4 for failing to set forth fully and accurately the contents of the DNREC letters, which speak for themselves.

5.      The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations in Paragraph 5 for failing to set forth fully and accurately the requirements of the cited Coastal Zone Management Act regulations, which speak for themselves.

6.      US Wind denies the allegations in Paragraph 6.

7.      US Wind denies the allegations in Paragraph 7.

8.      The allegation in Paragraph 8 constitutes Plaintiff's characterization of the Complaint, to which no response is required. To the extent a response is required, US Wind denies the allegation in Paragraph 8.

9.      The allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations.

10.      US Wind denies the allegations in Paragraph 10 and that Plaintiff is entitled to any relief whatsoever.

11.      The allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations.

12.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the allegations.

13.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the allegations.

14.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the allegations.

15.     US Wind lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the allegations.

16.     US Wind denies the allegations in Paragraph 16.

17.     US Wind denies the allegations in Paragraph 17.

18.     US Wind denies the allegations in Paragraph 18.

19.     US Wind admits that the U.S. Department of the Interior is an executive department of the U.S. federal government and that BOEM is a federal agency within the U.S. Department of the Interior. US Wind otherwise denies the allegations in the first and third sentences of Paragraph 19. US Wind denies the allegations in the second sentence of Paragraph 19 for failing to set forth fully and accurately the public mission statement of the U.S. Department of the Interior, which speaks for itself.

20.     US Wind admits that Doug Burgum is the Secretary of the U.S. Department of the Interior. The remaining allegations in Paragraph 20 constitute a characterization of Plaintiff's claims to which no response is required.

21.     US Wind admits that BOEM is a federal agency within the U.S. Department of the Interior. US Wind otherwise denies the allegation in the first sentence of Paragraph 21. US Wind

denies the allegations in the second sentence of Paragraph 21 for failing to set forth fully and accurately the public mission statement of BOEM, which speaks for itself.

22.     US Wind denies the allegations in Paragraph 22.

23.     US Wind admits the allegations in the first sentence of Paragraph 23. The allegations in the second sentence of Paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the relevant statutory provisions, which speak for themselves.

24.     US Wind admits that Lieutenant General William H. Graham, Jr. is the Chief of Engineers and Commanding General of USACE. The remaining allegations in Paragraph 24 constitute a characterization of Plaintiff's claims to which no response is required.

25.     The allegations in Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited statutory provisions, which speak for themselves.

26.     The allegations in Paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited statutory and regulatory provisions, which speak for themselves.

27.     The allegations in Paragraph 27 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provision, which speaks for itself.

28.     The allegations in Paragraph 28 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provision, which speaks for itself.

29.     The allegations in Paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provisions, which speak for themselves.

30.     The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provisions, which speak for themselves.

31.     The allegations in Paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provision and Federal Register notice, which speak for themselves.

32.     The allegations in Paragraph 32 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately referenced portions of the Delaware Coastal Management Program, which speaks for itself.

33.     The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited statutory provisions, which speak for themselves.

34.     The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited statutory provisions, which speak for themselves.

35.     US Wind denies the allegations in the first sentence of Paragraph 35. US Wind admits that it entered into an agreement with DNREC, fully executed as of June 20, 2022, to stay the six-month consistency review period from July 23, 2022, until August 9, 2023, and entered

into a further agreement with DNREC, fully executed on August 1, 2023, to stay the six-month consistency review period from August 9, 2023, until February 9, 2024. US Wind otherwise denies the allegations in the second sentence of Paragraph 35. US Wind denies the allegations in the third sentence of Paragraph 35.

36.　　US Wind denies the allegations in Paragraph 36.

37.　　US Wind admits that DNREC issued letters determining that the COP and Permit were consistent with the State of Delaware Coastal Management Plan and denies any other or inconsistent allegations in the first sentence of Paragraph 37. US Wind admits that the referenced letters contained the numbered paragraphs appearing in the second sentence of Paragraph 37 and otherwise denies the allegations in that sentence.

38.　　US Wind admits that on September 5, 2024, BOEM and NMFS issued their joint Record of Decision ("ROD") on the final Environmental Impact Statement ("FEIS") for the Project's COP and otherwise denies the allegations in the first sentence of Paragraph 38. US Wind denies the allegations in the second sentence of Paragraph 38 for failing to set forth fully and accurately the contents of the ROD, which speaks for itself.

39.　　The allegations in Paragraph 39 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the contents of the ROD, which speak for themselves.

40.　　US Wind denies the allegations in the first sentence of Paragraph 40 for failing to set forth fully and accurately the relevant provisions of Appendix A to the ROD, which speaks for itself. US Wind admits that it received a letter dated December 2, 2024, from BOEM informing US Wind of BOEM's approval of the Project COP. US Wind otherwise denies the allegations in the second sentence of Paragraph 40.

41.     US Wind admits that USACE issued the Permit on January 16, 2025. US Wind otherwise denies the allegations in Paragraph 41 for failing to set forth fully and accurately the contents of the Permit, which speaks for itself.

42.     US Wind incorporates each of its responses to the foregoing allegations as if fully set forth herein.

43.     The allegations in Paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited statutory provisions, which speak for themselves.

44.     The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provisions, which speak for themselves.

45.     The allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the relevant statutory and regulatory provisions, which speak for themselves.

46.     US Wind admits that on July 9, 2024, DNREC issued a letter determining that the COP was consistent with the State of Delaware Coastal Management Plan and denies any other or inconsistent allegations in Paragraph 46.

47.     The allegations in Paragraph 47 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provisions, which speak for themselves.

48.     US Wind denies the allegations in Paragraph 48.

49.     US Wind denies the allegations in Paragraph 49.

50.     US Wind denies the allegations in Paragraph 50.

51.     US Wind incorporates each of its responses to the foregoing allegations as if fully set forth herein.

52.     US Wind admits that on July 9, 2024, DNREC issued a letter determining that the Permit was consistent with the State of Delaware Coastal Management Plan and denies any other or inconsistent allegations in Paragraph 52.

53.     The allegations in Paragraph 53 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provisions, which speak for themselves.

54.     US Wind admits that Appendix A to the FEIS" for the Project is titled "Required Environmental Permits and Consultations" and that the status column for USACE represents, among other things, that "US Wind submitted permit application materials in October 2023." US Wind otherwise denies the allegations in the first sentence of Paragraph 54 for failing to set forth fully and accurately the contents of the FEIS, which speaks for itself. US Wind admits the allegations in the second sentence of Paragraph 54.

55.     US Wind denies the allegations in Paragraph 55.

56.     US Wind denies the allegations in Paragraph 56.

57.     US Wind denies the allegations in Paragraph 57.

58.     US Wind denies the allegations in Paragraph 58.

59.     US Wind incorporates each of its responses to the foregoing allegations as if fully set forth herein.

60.    The allegations in Paragraph 60 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provision, which speaks for itself.

61.    The allegations in Paragraph 61 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations for failing to set forth fully and accurately the cited regulatory provision, which speaks for itself.

62.    US Wind denies the allegations in Paragraph 62.

63.    US Wind denies the allegations in Paragraph 63.

64.    The allegations in the first sentence of Paragraph 64 state legal conclusions to which no response is required. To the extent a response is required, US Wind denies the allegations. US Wind denies the allegations in the second sentence of Paragraph 64.

65.    US Wind denies the allegations in Paragraph 65 and denies that Plaintiff is entitled to any relief whatsoever.

Any allegation in the Complaint that is not expressly admitted or denied above is hereby denied.

In response to the Prayer for Relief, US Wind denies that Plaintiff is entitled to any relief, whether articulated in Paragraphs (A) through (F), or otherwise. To the extent US Wind has not specifically admitted any allegation herein, it is denied. Further, US Wind states that it is entitled to any relief that this Court may deem just or appropriate, in equity or at law.

## AFFIRMATIVE AND OTHER DEFENSES

The following matters are denominated as defenses without regard to whether they constitute affirmative defenses, and without altering Plaintiff's burden of proof:

10

**FIRST DEFENSE**

This Court does not have subject matter jurisdiction because Plaintiff lacks standing.

**SECOND DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted with respect to one or more of his claims.

**THIRD DEFENSE**

Plaintiff's claims are barred by failure to exhaust administrative remedies, waiver and/or legal or equitable estoppel.

**FOURTH DEFENSE**

Plaintiff's claims are barred because any and all final agency actions comported with the requirements of the Administrative Procedure Act and all other applicable statutes.

**RESERVATION OF RIGHTS**

US Wind reserves the right to amend or supplement this Answer with additional defenses that become available or apparent during the course of the litigation.

<u>Of Counsel:</u>

Toyja E. Kelley, Sr.
Emily Huggins Jones
Gregory Waterworth
TROUTMAN PEPPER LOCKE LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004
Telephone: (202) 220-6900
Facsimile: (202) 220-6945
toyja.kelley@troutman.com
emily.hugginsjones@troutman.com
greg.waterworth@troutman.com

Hilary Tompkins (*pro hac vice forthcoming*)
Sean Marotta (*pro hac vice forthcoming*)
HOGAN LOVELLS US LLP
555 13th Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5617
hilary.tompkins@hoganlovells.com
sean.marotta@hoganlovells.com

David Newmann (*pro hac vice forthcoming*)
HOGAN LOVELLS US LLP
1735 Market St., 23d Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
david.newmann@hoganlovells.com

Dated: August 22, 2025

Respectfully submitted,

*/s/ James H. S. Levine*
James H. S. Levine (Del. Bar No. 5355)
TROUTMAN PEPPER LOCKE LLP
Hercules Plaza, Suite 1000
1313 Market Street
Wilmington, DE 19801
Tel.: 302-777-6500
james.levine@troutman.com

*Counsel for Defendant-Intervenor US Wind, Inc.*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, which will give notice of the filing to all counsel of record. A true and correct copy was also served on Plaintiff via U.S. Mail at the address below, and via electronic mail:

> Edward E. Bintz
> 922 N. Cleveland St.
> Arlington, VA 22201
>
> *Plaintiff Pro Se*

> */s/ James H. S. Levine*
> James H. S. Levine (Del. Bar No. 5355)