## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| EDWARD E. BINTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-00152-GBW |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF THE INTERIOR, et al. | ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |
| | ) | |
| US WIND, Inc., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

## FEDERAL DEFENDANTS' ANSWER

Federal Defendants provide the following Answer to the allegations in Plaintiff's Complaint, D.I. 1. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein. To the extent that the headings in the Complaint contain factual allegations that require a response, the allegations are denied.

Federal Defendants also aver that the Department of the Interior is now reconsidering its approval of the Construction and Operations Plan ("COP") for the project challenged in Plaintiff's Complaint and intends to file a motion seeking to voluntarily remand the decision in a related case challenging the decision in the District of Maryland, *Mayor & City Council of Ocean City* v. *U.S. Department of the Interior et al*, No. 1:24-cv-3111 (D. Md. 2024). *See* D.I. 28.  To that end, Federal Defendants have moved to stay this case.  *See* D.I. 28.  That motion is still pending.

1

1.      The allegations in Paragraph 1 are admitted in part and denied in part. Federal Defendants admit that the Complaint challenges the Department of the Interior's approval of the COP for the Maryland Offshore Wind Project ("Project"), proposed by US Wind, Inc. Federal Defendants also admit that the Complaint challenges the U.S. Army Corps of Engineers' ("Corps") issuance of a permit for the Project under the Rivers and Harbors Act and Section 404 of the Clean Water Act. The remaining allegations in Paragraph 1 are denied. The allegations contained in footnote 1 purport to characterize the Bureau of Ocean Energy Management's ("BOEM") website, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the website, they are denied.

2.      Federal Defendants admit the allegations in Paragraph 2 but aver that Federal Defendants are now reconsidering the COP as approved and described here. Federal Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in footnote 2 and deny the allegations on that basis.

3.      The allegations in footnote 3 and the first three sentences of Paragraph 3 constitute conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. The allegations in the fourth, and final, sentence of Paragraph 3 are denied. The allegations in footnote 4 are admitted.

4.      Federal Defendants admit that the Delaware Department of Natural Resources and Environmental Control ("DNREC") issued conditional concurrence letters for the Project on July 9, 2024. The remaining allegations in Paragraph 4 purport to characterize those letters which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the letters, they are denied.

5.      The allegations in Paragraph 5 purport to characterize the Coastal Zone Management Act ("CZMA"), and the regulations implementing the Act issued by the National Oceanic and Atmospheric Administration ("NOAA"). To the extent that the allegations are inconsistent with the statute or regulations, they are denied.

6.      The allegations in Paragraph 6 contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.  The remainder of the allegations in Paragraph 6 are denied.

7.      The allegations in Paragraph 7 are denied.

8.      The allegations in Paragraph 8 are characterizations of Plaintiff's case to which no response is required. To the extent that a response is required, the allegations are admitted upon information and belief.

9.      The allegations in Paragraph 9 constitute conclusions of law to which no response is required. To the extent that a response is required, Federal Defendants admit that the court has subject matter jurisdiction, but deny the remaining allegations. Federal Defendants do not waive any arguments or defenses that Federal Defendants may raise.

10.     The allegations in Paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested in the Complaint, or any relief whatsoever.

11.     Federal Defendants admit that venue is proper in the District of Delaware but deny the remaining allegations in Paragraph 11.

12.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 12 and deny the allegations on that basis.

13.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 13 and deny the allegations on that basis.

14.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 14 and deny the allegations on that basis.

15.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 15 and deny the allegations on that basis.

16.     Federal Defendants deny the allegations in Paragraph 16.

17.     Federal Defendants deny the allegations in Paragraph 17.

18.     Federal Defendants deny the allegations in Paragraph 18.

19.     Federal Defendants admit the allegations in Paragraph 19.

20.     Federal Defendants admit the allegations in Paragraph 20.

21.     Federal Defendants admit the allegations in Paragraph 21 and footnote 5.

22.     Federal Defendants deny the allegations in Paragraph 22 and aver that Matthew Giacona is the Acting Director of BOEM.

23.     Federal Defendants admit the allegations in Paragraph 23, and aver that the Corps, in addition to being the military engineering branch of the United States Army, also performs civil engineering, construction, and other works for the Department of Defense and other parties.

24.     Federal Defendants admit the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 and in footnotes 6 and 7 purport to characterize the CZMA, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

26.     The allegations in Paragraph 26 and in footnote 8 purport to characterize the CZMA and NOAA's regulations implementing the CZMA, which speak for themselves and are the best

evidence of their contents. To the extent that the allegations are inconsistent with the statute or regulations, they are denied.

27.    The allegations in Paragraph 27 purport to characterize NOAA's regulations implementing the CZMA, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

28.    The allegations in Paragraph 28 purport to characterize NOAA's regulations implementing the CZMA, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

29.    The allegations in Paragraph 29 and in footnote 9 purport to characterize NOAA's regulations implementing the CZMA, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

30.    The allegations in Paragraph 30 and in footnote 10 purport to characterize NOAA's regulations implementing the CZMA, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

31.    The allegations in Paragraph 31 purport to characterize NOAA's regulations implementing the CZMA and a Federal Register notice, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations or notice, they are denied.

32.    The allegations in Paragraph 32 purport to characterize Delaware's Coastal Management Program, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 32 are inconsistent with the Program as written, they are denied.

33.    The allegations in Paragraph 33 purport to characterize Delaware's Coastal Management Program, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 33 are inconsistent with the Program as written, they are denied.

34.    The allegations in Paragraph 34 purport to characterize Delaware's Coastal Management Program, which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 34 are inconsistent with the Program as written, they are denied.

35.    The allegations in Paragraph 35 are admitted in part and denied in part. Federal Defendants admit the allegations in the first and second sentences of Paragraph 35, and deny the allegations in the third sentence.

36.    The allegations in Paragraph 36 purport to characterize the document containing US Wind's consistency certifications, prepared by the consulting firm TRC on behalf of US Wind. This document speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the document, they are denied.

37.    Federal Defendants admit that the DNREC issued its conditional concurrence letters for the Project's COP and Corps permit on July 9, 2024. The remaining allegations in Paragraph 37 and footnote 11 purport to characterize the two conditional concurrence letters, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the letters, they are denied.

38.    Federal Defendants admit that BOEM issued a Record of Decision for the COP on September 4, 2024. The remaining allegations in Paragraph 38 and footnote 12 purport to characterize the Record of Decision which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the document, they are denied.

39.     The allegations in Paragraph 39 purport to characterize the Record of Decision which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the document, they are denied.

40.     The allegations in the first sentence of Paragraph 40 purport to characterize the Record of Decision which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the document, they are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 40.

41.     Federal Defendants deny the allegations in Paragraph 41 and aver that on January 3, 2025, the Corps issued US Wind a permit covering Section 10 of the Rivers and Harbors Act and Section 404 of the Clean Air Act.

42.     Federal Defendants' responses to the preceding paragraphs are reasserted and incorporated herein by reference.

43.     The allegations in Paragraph 43 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the statute, they are denied.

44.     The allegations in Paragraph 44 purport to characterize the CZMA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the statute and regulations, they are denied.

45.     The allegations in Paragraph 45 purport to characterize the CZMA and its regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the statute and regulations, they are denied.

46.     Federal Defendants admit the allegations in Paragraph 46.

47.    The allegations in Paragraph 47 purport to characterize NOAA's regulations implementing the CZMA, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

48.    The allegations in Paragraph 48 are denied.

49.    The allegations in Paragraph 49 are denied.

50.    Federal Defendants deny the allegations in Paragraph 50.

51.    Federal Defendants' responses to the preceding paragraphs are reasserted and incorporated herein by reference.

52.    Federal Defendants admit the allegations in Paragraph 52.

53.    The allegations in Paragraph 53 purport to characterize NOAA's regulations implementing the CZMA, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

54.    The allegations in the first sentence of Paragraph 54 purport to characterize the Final Environmental Impact Statement for the Project, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the document, they are denied. Federal Defendants admit the remaining allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are denied.

56.    The allegations in Paragraph 56 are denied

57.    The allegations in Paragraph 57 are denied

58.    The allegations in Paragraph 58 are denied.

59.    Federal Defendants' responses to the preceding paragraphs are reasserted and incorporated herein by reference.

60.     The allegations in Paragraph 60 purport to characterize NOAA's regulations implementing the CZMA, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

61.     The allegations in Paragraph 61 purport to characterize NOAA's regulations implementing the CZMA, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the regulations, they are denied.

62.     The allegations in the first sentence of Paragraph 62 are denied. The remaining allegations in Paragraph 62 and footnote 16 purport to characterize a report prepared by US Wind's consultant TRC, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that report, they are denied.

63.     The allegations in Paragraph 63 purport to characterize a report prepared by US Wind's consultant TRC, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with that report, they are denied.

64.     The allegations in the first sentence of Paragraph 64 purport to characterize NOAA's regulations implementing the CZMA which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with those regulations, they are denied. The allegations in the second sentence of Paragraph 64 are denied.

65.     The allegations in Paragraph 65 are denied.

WHEREFORE, Federal Defendants deny that Plaintiff is entitled to the relief requested in the Complaint, or to any relief whatsoever, and respectfully request that this Court enter judgment in favor of the Federal Defendants and against Plaintiff.

**DEFENSES**

Without limiting or waiving any defenses available, Federal Defendants hereby assert the following defenses:

1. Plaintiff's claims should be denied, in whole or in part, because the Complaint fails to state a claim for which relief may be granted.

2. Plaintiff failed to exhaust his administrative remedies.

3. The Court lacks subject matter jurisdiction over Plaintiff's claims.

Dated: September 5, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

JULIANNE E. MURRAY
United States Attorney

*/s/      Devon L. Tice*

Devon L. Tice, Trial Attorney
U.S. Department of Justice
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: 202-598-1444
Email: devon.tice@usdoj.gov

William E. LaRosa
Assistant United States Attorney
P.O. Box 2046
Wilmington, DE 19899-2046
Tel: (302) 573-6205
Email: William.LaRosa@usdoj.gov

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Devon Tice, hereby certify that on September 5, 2025, I electronically filed Federal

Defendants' Answer to Plaintiff's Complaint with the Clerk of the Court using CM//ECF. Said

document is available for viewing and downloading from CM/ECF. I also certify that a copy of

this document was sent via U.S. Mail to the following address:

Edward E. Bintz
922 N. Cleveland St.
Arlington, VA 22201

  /s/ *Devon L. Tice*
Devon Tice, Counsel for Federal Defendants