# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD E. BINTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>    Defendants,<br><br>    and<br><br>US WIND, INC.,<br><br>    Defendant-Intervenor. | C.A. No. 1:25-cv-00152-GBW |

## REPLY BRIEF IN SUPPORT OF DEFENDANT-INTERVENOR US WIND'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS

Dated: October 27, 2025

James H.S. Levine (Del. Bar No. 5355)
TROUTMAN PEPPER LOCKE LLP
Hercules Plaza, Suite 1000
1313 Market Street
Wilmington, DE 19801
Tel.: 302-777-6500
james.levine@troutman.com

*Counsel for Defendant-Intervenor
US Wind, Inc.*

321432006v1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT.........................................................................................................................1

    A. Plaintiff Lacks Article III Standing............................................................................1

        1. Plaintiff Cannot Establish Injury In Fact. ......................................................1

        2. Plaintiff Cannot Prove Traceability and Redressability. ...............................4

    B. Plaintiff is Not Within the CZMA's Section 307(c)(3) Zone of Interests ................8

III. CONCLUSION....................................................................................................................10

i

321432006v1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AES Sparrows Point LNG, LLC v. Smith*,
  527 F.3d 120 (4th Cir. 2008) .................................................................................................9

*Air Courier Conf. of Am. v. Am. Postal Workers Union AFL-CIO*,
  498 U.S. 517 (1991) ................................................................................................................8

*Akiak Native Cmty. v. U.S. Postal Serv.*,
  213 F.3d 1140 (9th Cir. 2000) ..............................................................................................10

*Allegheny Def. Project, Inc. v. U.S. Forest Serv.*,
  423 F.3d 215 (3d Cir. 2005) ...................................................................................................3

*Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*,
  397 U.S. 150 (1970) ................................................................................................................3

*Beazer E., Inc. v. Mead Corp.*,
  412 F.3d 429 (3d Cir. 2005) ...................................................................................................4

*Bennett v. Spear*,
  520 U.S. 154 (1997) ................................................................................................................8

*City of Waukesha v. E.P.A.*,
  320 F.3d 228 (D.C. Cir. 2003) ...............................................................................................7

*Crete Carrier Corp. v. E.P.A.*,
  363 F.3d 490 (D.C. Cir. 2004) ...............................................................................................8

*Ctr. for L. & Educ. v. Dep't of Educ.*,
  396 F.3d 1152 (D.C. Cir. 2005) .........................................................................................4, 5

*Enos v. Marsh*,
  616 F. Supp. 32 (D. Haw. 1984), *aff'd*,
  769 F.2d 1363 (9th Cir. 1985) ................................................................................................9

*Envtl. Def. Ctr. v. Bureau of Ocean Energy Mgmt.*,
  No. CV168418, 2017 WL 10607254 (C.D. Cal. July 14, 2017) ...........................................10

*Grasso v. Katz*,
  No. 22-2896, 2023 WL 4615299 (3d Cir. July 19, 2023) .......................................................4

*Kiger v. Mollenkopf*,
  No. 21-cv-00409, 2021 WL 5299581 (D. Del. Nov. 15, 2021) ..............................................4

*Knaust v. City of Kingston*,
   No. 96-CV-601, 1999 WL 31106 (N.D.N.Y. Jan.15, 1999)......................................................3

*Long v. Se. Pa. Transp. Auth.*,
   903 F.3d 312 (3d Cir. 2018)..................................................................................................6

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..............................................................................................................2

*Mayor & City Council of Ocean City v. U.S. Dep't of the Interior*,
   No. 24-3111, 2025 WL 1827963 (D. Md. July 2, 2025) .......................................................9

*N.J. Dep't of Env't Prot. & Energy v. Long Island Power Auth.*,
   30 F.3d 403 (3d Cir. 1994)..............................................................................................9, 10

*Ocean Mammal Inst. v. Gates*,
   546 F. Supp. 2d 960 (D. Haw. 2008) ..................................................................................10

*Green Oceans v. U.S. Dep't of the Interior*,
   24-cv-141, 2025 WL 973540 (D.D.C. April 1, 2025) .......................................................3, 9

*Pub. Int. Legal Found. v. Sec'y Commonwealth of Pa.*,
   136 F.4th 456 (3d Cir. 2025) ................................................................................................2

*Pub. Int. Rsch. Grp. of N.J., Inc. v. Powell Duffryn Terminals Inc.*,
   913 F.2d 64 (3d Cir. 1990)....................................................................................................7

*Reilly v. Ceridian Corp.*,
   664 F.3d 38 (3d Cir. 2011)....................................................................................................8

*S.F. Conservation & Dev. Comm'n v. U.S. Army Corps of Eng'rs*,
   8 F.4th 839 (9th Cir. 2021) .................................................................................................10

*Serrano-Lopez v. Cooper*,
   193 F. Supp. 2d 424 (D.P.R. 2002).......................................................................................9

*Sierra Club v. E.P.A.*,
   972 F.3d 290 (3d Cir. 2020)..................................................................................................3

*Sierra Club v. Morton*,
   405 U.S. 727 (1972)..............................................................................................................3

*SLPR, LLC v. S.D.Unified Port Dist.*,
   No. 06-CV-1327, 2008 WL 2676771 (S.D. Cal. June 30, 2008).........................................10

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)..............................................................................................................2

*Venetec Int'l, Inc. v. Nexus Med., LLC*,
    541 F. Supp. 2d 612 (D. Del. 2008) .................................................................................. 10

**Statutes**

16 U.S.C. § 1456(c)(3) ............................................................................................... *passim*

42 U.S.C. § 4321, *et seq* ................................................................................................. 3, 5

**Other Authorities**

15 C.F.R. § 930.4 ................................................................................................................ 6

30 C.F.R. § 585.628(f)(1) ................................................................................................... 6

65 Fed. Reg. 77124 ............................................................................................................. 6

Fed. R. Civ. P. 12(b)(1) ...................................................................................................... 1

Fed. R. Civ. P. 12(c) ....................................................................................................... 1, 8

321432006v1

I.      INTRODUCTION

Plaintiff's Answering Brief, D.I. 42 ("Ans. Br."), while endeavoring to confuse the issues, instead makes clear that his claims fail both because he lacks Article III standing, and because he does not fall within the zone of interests under CZMA Section 307(c)(3), 16 U.S.C. § 1456(c)(3). As to Article III standing, Plaintiff makes no attempt to show that the alleged CZMA procedural violations—US Wind's purported failure to amend its COP to adopt the conditions set forth in DNREC's Concurrence Letters, and its purported use of the wrong certification form—harmed Plaintiff's alleged "aesthetic and recreational interests."[1] Indeed, Plaintiff does not dispute that the Concurrence Conditions themselves bear no relationship to his interests. Plaintiff thus can show no "concrete, particularized injury" sufficient to support Article III standing.

As to prudential standing, Plaintiff offers this Court no reason to depart from the well-established law that CZMA Section 307(c)(3)'s zone of interests does not extend to individual plaintiffs, particularly where, as here, the state indisputably exercised its rights to consistency review. Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(c).

II.     ARGUMENT

   A.   **Plaintiff Lacks Article III Standing**

      1.   **Plaintiff Cannot Establish Injury In Fact.**

Plaintiff's brief highlights the fatal flaw in his standing theory: his inability to identify any "concrete, particularized injury" resulting from the Federal Defendants' alleged violation of CZMA consistency determination procedures. *See* US Wind Br. at 9–11. Plaintiff spends pages detailing alleged errors in those procedures, Ans. Br. at 2–3, 11–13, 14–16, but makes no claim that

---

[1] Unless otherwise indicated, capitalized terms are defined in US Wind's Opening Brief in Support of Motion to Dismiss and Motion for Judgment on the Pleadings, D.I. 31 ("US Wind Br.").

1

these errors injured any of Plaintiff's alleged "aesthetic and recreational interests." *Id.* at 8–9. Rather, Plaintiff argues that, even apart from the procedural errors on which his claim is expressly based, "the Project will harm" those interests. *Id.* That argument provides no basis for standing.

The case law cited in US Wind's Opening Brief establishes, and Plaintiff does not contest, that standing to assert "deprivation of a procedural right" requires "<u>a concrete interest that is affected by the deprivation</u>." US Wind Br. at 9–10 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)). As the Supreme Court put it in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), cited by Plaintiff, Ans. Br. at 11 n.12, the plaintiff must show that the alleged "<u>procedural violation endangers a concrete interest of the plaintiff (apart from his interest in having the procedure observed)</u>." *Id.* at 573 n.8 (emphasis added); *see also*, *e.g.*, *Pub. Int. Legal Found. v. Sec'y Commonwealth of Pa.*, 136 F.4th 456, 464–65 (3d Cir. 2025) (plaintiff "must establish *a nexus* among" the procedural violation, "the purported harm *actually caused* by the specific violation, and the 'concrete interest' . . ." (citation omitted) (emphasis in original)). Here, Plaintiff offers elaborate descriptions of the Federal Defendants' alleged procedural violations, but he never explains how the violations endanger or relate in any way to any of Plaintiff's claimed "aesthetic and recreation interests." Thus, regardless of whether "the Project" itself could impact Plaintiff's alleged interests, Plaintiff cannot meet his burden of proving that the alleged procedural violation endangers those interests.

Plaintiff accuses US Wind of "recasting" Plaintiff's claims to highlight alleged procedural violations that are unrelated to Plaintiff's interests, Ans. Br. at 4–5, but those alleged violations represent the entire predicate of the Complaint. Each of its causes of action challenges the Federal Defendants' approval of US Wind's COP on the basis of alleged CZMA procedural violations, specifically, that the Federal Defendants "approved US Wind's COP [and issued the USACE

permit] without the COP [and USACE permit application] having been amended to incorporate" the conditions set forth in the Concurrence Letters, and that "BOEM approved the COP and USACE issued the USACE Permit based on consistency certifications that were invalid on their face." D.I. 1, Compl. ¶¶ 48, 49, 63. Plaintiff repeats the same allegations in his brief. *See* Ans. Br. at 3, 14–16. As the alleged CZMA procedural violations form the entire sum and substance of this case, Plaintiff's inability to tie those violations to his alleged interests is case-dispositive. [2]

Plaintiff's attempt to reinforce his alleged "aesthetic and recreational interests" only serves to emphasize the vast gulf between those interests and the alleged paperwork technicalities on which he sues. Plaintiff claims that hundreds of pages of analysis in BOEM's Final Environmental Impact Statement ("FEIS") under the National Environmental Policy Act ("NEPA") provide "evidence" of the Project's "visual impact" near his South Bethany home. Ans. Br. at 9–10. But Plaintiff has brought no NEPA challenge against the Project and makes no claim that the FEIS fails adequately to address the Project's impacts. Having elected not to challenge the Project for any failure to consider or protect Plaintiff's claimed aesthetic and recreational interests, Plaintiff cannot use those interests to advance unrelated CZMA procedural claims. [3] Thus, even apart from the fact

---

[2] Plaintiff's related contention that his CZMA claims are not about "procedural rights," *id.* at 11 n.12, is baseless. It is well established that "the CZMA is only a procedural statute." *See Knaust v. City of Kingston*, No. 96-CV-601, 1999 WL 31106, at *7 (N.D.N.Y. Jan.15, 1999).

[3] None of the cases Plaintiff cites about "[a]esthetic and recreation harms," Ans. Br. at 8 & n.9, support finding standing in these circumstances. *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 153–54 (1970), addressed prudential standing, not Article III standing, and *Sierra Club v. Morton*, 405 U.S. 727, 741 (1972), found that Plaintiffs lacked standing. In the remaining cases, the plaintiffs, unlike Plaintiff here, asserted interests that the courts determined "would be impacted by" the alleged statutory violation on which the plaintiffs sued. *Green Oceans v. U.S. Dep't of the Interior*, 24-cv-141, 2025 WL 973540, at *14 (D.D.C. April 1, 2025) (plaintiffs "identified a concrete and particularized injury by declaring their regular use of the waters in the Project area that would be impacted by a CWA violation" (citation omitted)); *see also Sierra Club v. E.P.A.*, 972 F.3d 290, 299 (3d Cir. 2020); *Allegheny Def. Project, Inc. v. U.S. Forest Serv.*, 423 F.3d 215, 229 (3d Cir. 2005).

that Plaintiff's alleged "viewscape" interest is too general and speculative to confer standing in the first place, *see* US Wind Br. at 11, it plainly cannot support Article III standing in this case.

Plaintiff's brief also fails to address another flaw in his standing theory: standing requires plaintiffs to show that "the government violated *their* procedural rights designed to protect *their* threatened concrete interest." *Id.* at 12 (quoting *Ctr. for L. & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1157 (D.C. Cir. 2005)).[4] Far from satisfying this requirement, Plaintiff's brief acknowledges that CZMA consistency determination procedures were intended to protect not Plaintiff but the state agency that made the consistency determination. *See* Ans. Br. at 11–12 ("including this condition in the COP would ensure that DNREC would have the opportunity to weigh in"; "Condition 6 ensures that DNREC would receive a copy of the report"; "Condition 6 would provide DNREC with valuable rights[.]"). Neither DNREC's rights, nor the interests of South Bethany and Sussex County referenced in the Complaint, can establish that Plaintiff himself has sustained injury in fact under Article III. *Grasso v. Katz,* No. 22-2896, 2023 WL 4615299, at *3 (3d Cir. July 19, 2023) (court will not issue "an advisory opinion on the 'legal rights or interests' of third parties") (citation omitted).

Plaintiff thus has not satisfied and cannot satisfy his burden to adequately plead actual or imminent injury relating to the Federal Defendants' alleged CZMA procedural violations.

### 2. Plaintiff Cannot Prove Traceability and Redressability.

Plaintiff's brief also offers no valid response to US Wind's argument that he cannot satisfy Article III's traceability and redressability requirements. *See* US Wind Br. at 12–16. As to

---

[4] *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 437 n.11 (3d Cir. 2005) (explaining that failure to respond to an opponent's arguments "waives, as a practical matter anyway, any objections not obvious to the court to specific points urged by the [opponent]" (citation omitted)); s*ee also Kiger v. Mollenkopf*, No. 21-cv-00409, 2021 WL 5299581, at *2 n.2 (D. Del. Nov. 15, 2021) ("A party that fails to address an argument in its brief in opposition . . . waives that argument." (citation omitted; ellipsis in original).

4

traceability, US Wind explained that the COP's alleged failure to incorporate the Concurrence Conditions could not harm Plaintiff because those conditions do not bear any relation to Plaintiff's claimed interests and, even if they did, the COP Approval and USACE permit incorporated the conditions. *Id.* at 13–15. Plaintiff's brief ignores the first point, thus conceding Plaintiff cannot show "that it is substantially probable that the procedural breach will cause the essential injury to the plaintiff's own interest." *Ctr. for L. & Educ.*, 396 F.3d at 1159 (citation omitted).

Since the COP's alleged failure to adopt the Concurrence Conditions indisputably does not harm Plaintiff's stated interests, the Court need not decide whether the COP Approval incorporated those conditions. But clearly it did. Plaintiff's only argument to the contrary is that, while the COP Approval expressly incorporated "all applicable requirements" of state permits and authorizations, the Concurrence Letters "did not require US Wind to comply with the Concurrence Conditions." Ans. Br. at 13 (emphasis added); *id.* at 2. That baffling assertion ignores the Concurrence Letters' express statement that, "to be consistent with [the DCMP's] enforceable policies, the following conditions must be satisfied as they relate to the policies noted after each condition[.]" D.I. 42-1, Ans. Br., Ex. A at 6 (emphasis added). The stated conditions were thus an express "requirement" of DNREC's concurrence. But even if, as Plaintiff contends, there was no "binding requirement that US Wind comply with the Concurrence Conditions," Ans. Br. at 13, Plaintiff could not have been harmed by the failure to incorporate those conditions into the COP. Thus, whether the COP Approval adopted the Concurrence Conditions or whether, as Plaintiff contends, US Wind never had any obligation to comply with them, Plaintiff cannot show causation.[5]

---

[5] Plaintiff selectively quotes from the USACE Permit, Ans. Br. at 13–14, omitting the critical context: "As the Corps also has jurisdiction on the Outer Continental Shelf (OCS) and BOEM was the lead federal agency for the National Environmental Policy Act (NEPA) and several agency consultations, numerous Department of the Army (DA) permit conditions are analogous to

Plaintiff cites the preface to CZMA regulation amendments to argue that the regulations "reject[ ] allowing agencies to impose the State's conditions in place of amending their applications." Ans. Br. at 3 (citing 65 Fed. Reg. 77124, 77128). But Plaintiff cites no regulatory text which so states, and BOEM's own regulations expressly permit BOEM "<u>to specify terms and conditions to be incorporated into your COP</u>." 30 C.F.R. § 585.628(f)(1) (emphasis added). In any event, the question is not whether BOEM followed the consistency determination regulations. Rather, the question is whether—even assuming BOEM did not and, as a result, the Concurrence Letters became "objections" under 15 C.F.R. § 930.4 [6]—BOEM's independent action in incorporating the Concurrence Conditions achieved the same result that would have been achieved by amending the COP to incorporate the identical conditions. The answer, of course, is yes. For that reason as well, Plaintiff cannot establish causation. *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 324–25 (3d Cir. 2018) (plaintiffs "were not injured" by disclosure error where plaintiffs subsequently received the information).

In sum, while Plaintiff quibbles with US Wind's characterizations of the Concurrence Conditions as "nominal," Plaintiff's own arguments unequivocally establish that those conditions and any related alleged procedural errors are unrelated to Plaintiff's alleged harm. Notably, despite

---

BOEM's conditions of COP approval or subsequent modifications." D.I. 31-7, US Wind Br., Ex. 7 at 9–10, Spec. Cond. 6. In any event, as the COP Approval incorporated the Concurrence Conditions, no further action of the USACE would have been required to make them binding on US Wind.

[6] As these assumptions make clear, US Wind, contrary to Plaintiff's hypocritical argument, Ans Br. at 4–5, is not asking the Court decide the merits of his procedural violation allegations. But US Wind emphasizes that it does not concede these assumptions and reserves the right to show otherwise should the case continue. Notably, the same regulatory preface makes clear, as Plaintiff concedes, that nothing in the CZMA itself provides for "conditional concurrences." Ans. Br. at 3 n.6; 65 Fed. Reg. 77124, 77127; *see* 16 U.S.C. § 1456(c)(3)(B). As a result, "when a State agency issues a conditional concurrence," instead of outright objecting to a consistency certification, "<u>the Federal agency may issue the permit</u>." 65 Fed. Reg. 77124, 77127 (emphasis added).

claiming that US Wind's commencement of construction "satisfies the imminence standard," Ans. Br. at 10, Plaintiff does not assert that anything in the approved COP or in US Wind's activities conflicts in any way with the Concurrence Conditions. US Wind's alleged failure to adopt those conditions thus cannot satisfy Plaintiff's burden to establish causation. *See City of Waukesha v. E.P.A.*, 320 F.3d 228, 234–35 (D.C. Cir. 2003) ("[S]ome sort of connection between the procedural requirement at issue and the substantive action of the agency must be shown[.]").

Plaintiff's brief also is silent as to how US Wind's alleged use of incorrect certification language could have caused Plaintiff any injury. Notwithstanding Plaintiff's confusing description of the documents he claims represented US Wind's consistency certifications, the forms he submits as exhibits, identical to those submitted by US Wind, were signed by US Wind and contain the precise language certification language required. D.I. 42-5, Ans. Br., Ex. E, *passim*; US Wind Br. at 5; *id.*, D.I. 31-1–31-2, Exs. 1 and 2. In any event, Plaintiff identifies no relationship between any alleged discrepancies in the certification language and Plaintiff's alleged aesthetic and recreational interests. Those discrepancies thus cannot establish either injury or causation. Because Plaintiff has failed to meet his burden of showing "a substantial likelihood that defendant's conduct caused [his] harm," he lacks standing to sue. *Pub. Int. Rsch. Grp. of N.J., Inc. v. Powell Duffryn Terminals Inc.*, 913 F.2d 64, 72 (3d Cir. 1990) (citation and internal quotation marks omitted).

As to redressability, Plaintiff argues only that "the Federal Defendants' approval of the COP and issuance of the Permit were a precondition to US Wind moving forward with the Project," and that "the Project would be halted" if these actions were vacated. Ans. Br. at 10–11. But such conclusory, speculative assertions about a potential remedy—where the alleged procedural error could be easily remedied by amending the COP to more explicitly incorporate Concurrence Conditions that are already functionally incorporated—provide no basis for standing. *Reilly v.*

7

*Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) ("[C]ourts do not entertain suits based on speculative or hypothetical harms.") (citation omitted); *Crete Carrier Corp. v. E.P.A.*, 363 F.3d 490, 494 (D.C. Cir. 2004) ("Speculative and unsupported assumptions" regarding redressability "are insufficient to establish Article III standing." (citation omitted)).

In sum, Plaintiff has failed to meet his burden of proving the injury in fact, traceability and redressability requirements for Article III standing.

B. **Plaintiff is Not Within the CZMA's Section 307(c)(3) Zone of Interests**

With respect to US Wind's motion to dismiss under Rule 12(c) for lack of prudential standing, Plaintiff does not come close to meeting his burden of proving that he falls within the zone of interests under CZMA Section 307(c)(3). Plaintiff's sole basis for attempting to do so is his assertion that "Plaintiff's claims are brought under the CZMA's federal consistency provisions," which Plaintiff says are part of "advancing Congress' stated findings and declaration of policy" in the CZMA. Ans. Br. at 17–18. Yet that circular argument disregards well-established law that Section 307(c)(3) protects states' interests in participating in consistency review, not private individuals' interests in second-guessing the outcome of such review.

Plaintiff concedes, as he must, that the zone of interests analysis turns on the specific statutory provision at issue, not Congress' overall purpose in acting the statute. Ans. Br. at 17 (citing *Bennett v. Spear*, 520 U.S. 154, 163 (1997)); *see also Air Courier Conf. of Am. v. Am. Postal Workers Union AFL-CIO*, 498 U.S. 517, 523–24 (1991) (the plaintiff's claimed injury must fall "within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint" (citation omitted)). Plaintiff also does not dispute that, according to its express language, Section 307(c)(3) "sets out procedures for granting or withholding [a] federal license depending on the judgment of the state and the Secretary of Commerce," *N.J. Dep't of Env't Prot. & Energy v. Long Island Power Auth.*, 30 F.3d 403, 419 (3d

8

Cir. 1994) (emphasis added)—not on the interests of private individuals. Nor does Plaintiff dispute that the clear purpose of this provision is to protect a state's "right to engage in 'consistency review.'" *AES Sparrows Point LNG, LLC v. Smith*, 527 F.3d 120, 123 (4th Cir. 2008) (citation omitted); *see N.J. Dep't of Env't Prot. & Energy*, 30 F.3d at 419.

Plaintiff tries but fails to explain away the multiple decisions which have found no private interests under Section 307(c)(3). Each of those decisions makes crystal clear that where, as here, a state has exercised its consistency review rights, private individuals have no role to play. Plaintiff says *Serrano-Lopez v. Cooper*, 193 F. Supp. 2d 424 (D.P.R. 2002), has not been followed, but its central holding that private individuals may not "attempt to seek further protection" under Section 307(c)(3), *id.* at 434, reflects the majority view that "the CZMA does not provide a private right of action." *Green Oceans*, 2025 WL 973540, at *16. (citations omitted). Plaintiff also fails to distinguish another such holding involving the same US Wind Project, *Mayor & City Council of Ocean City v. U.S. Dep't of the Interior*, No. 24-3111, 2025 WL 1827963, at *9 (D. Md. July 2, 2025), where the court dismissed the CZMA cause of action. Like the plaintiffs there, Plaintiff here challenges the Concurrence Letters for noncompliance with CZMA procedural requirements. *See* Compl. ¶¶ 48, 49, 55, 57. Plaintiff also wrongly rejects as "dicta" a central conclusion in *Enos v. Marsh*, 616 F. Supp. 32, 63–64 (D. Haw. 1984) ("[T]here can be no violation of the CZMA when the consistency determination is approved by the state[.]" (citation omitted)), *aff'd*, 769 F.2d 1363 (9th Cir. 1985).

In contrast to the on-point cases US Wind cited, Plaintiff's cases are readily distinguishable. Most did not address Section 307(c)(3)'s zone of interests at all but instead addressed the merits

9

of claims or the APA's final agency action requirement.[7] A zone of interests case cited by Plaintiff rests on Ninth Circuit precedent that, unlike precedent in the Third Circuit and elsewhere, "extend[s] standing [under the CZMA] to municipalities and environmental groups." *SLPR, LLC v. S.D. Unified Port Dist.*, No. 06-CV-1327, 2008 WL 2676771, at *6 (S.D. Cal. June 30, 2008). The Third Circuit, by contrast, holds that "[t]he language of" Section 307(c)(3), by deferring to "the judgment of the state and the Secretary of Commerce focuses on the class of persons on whom a duty is imposed . . . and not on a class of intended beneficiaries." *N.J. Dep't of Env't Prot. & Energy*, 30 F.3d at 419, 422 (cleaned up).

In sum, as there is no dispute in this case that Delaware exercised its rights under CZMA Section 307(c)(3)(B) in issuing the Concurrence Letters, the statue's zone of interests does not extend to Plaintiff and creates no private right of action. Entry of judgment on the pleadings is appropriate. *Venetec Int'l, Inc. v. Nexus Med., LLC,* 541 F. Supp. 2d 612, 617 (D. Del. 2008).

## III.   CONCLUSION

For the foregoing reasons, and those in US Wind's opening brief, Plaintiff's Complaint should be dismissed and judgment entered in favor of US Wind.

---

[7] *See S.F. Conservation & Dev. Comm'n v. U.S. Army Corps of Eng'rs*, 8 F.4th 839, 848 (9th Cir. 2021) (affirming district court decision granting summary judgment in favor of the federal agency, in case where zone of interests of Section 307 was not considered); *Ocean Mammal Inst. v. Gates*, 546 F. Supp. 2d 960, 963 (D. Haw. 2008) (No consideration of zone of interests of Section 307(c)(3)); *Envtl. Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, No. CV168418, 2017 WL 10607254, at *4 (C.D. Cal. July 14, 2017) (considering whether the plaintiffs' claims were justiciable including the CZMA claim based on whether there was a final agency action—not Section 307(c)(3)'s zone of interests); *Akiak Native Cmty. v. U.S. Postal Serv.*, 213 F.3d 1140, (9th Cir. 2000) (affirming the district court's summary judgment in favor of the Postal Service and not addressing whether the plaintiff was in the zone of interests of Section 307(c)(3)).

<div style="display:flex">
<div>

<u>Of Counsel:</u>

Toyja E. Kelley, Sr. (*pro hac vice*)
Emily Huggins Jones (*pro hac vice*)
Gregory Waterworth
TROUTMAN PEPPER LOCKE LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel.: 202-220-6900
Fax.: 202-220-6945
toyja.kelley@troutman.com
emily.hugginsjones@troutman.com
greg.waterworth@troutman.com

Hilary Tompkins (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5617
hilary.tompkins@hoganlovells.com

David Newmann (*pro hac vice*)
HOGAN LOVELLS US LLP
1735 Market St., 23d Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
david.newmann@hoganlovells.com

Dated:  October 27, 2025

</div>
<div>

Respectfully submitted,

*/s/ James H. S. Levine*
James H.S. Levine (Del. Bar No. 5355)
TROUTMAN PEPPER LOCKE LLP
Hercules Plaza, Suite 1000
1313 Market Street
Wilmington, DE 19801
Tel.: 302-777-6500
james.levine@troutman.com

*Counsel for Defendant-Intervenor US Wind, Inc.*

</div>
</div>

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, a true and correct copy of the foregoing **REPLY BRIEF IN SUPPORT OF INTERVENOR-DEFENDANT US WIND'S MOTION TO DISMISS** has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on Plaintiff via U.S. Mail at the address below:

> Edward E. Bintz
> 922 N. Cleveland St.
> Arlington, VA 22201
>
> *Plaintiff Pro Se*

Dated: October 27, 2025

*/s/ James H. S. Levine*
James H.S. Levine (Del. Bar No. 5355)

*Counsel for Defendant-Intervenor
US Wind, Inc.*

321432006v1