# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD E. BINTZ, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 1:25-cv-00152-GBW |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| US WIND, INC., | ) |
| Defendant-Intervenor. | ) |

## DEFENDANT-INTERVENOR US WIND'S
## OPPOSITION TO PLAINTIFF'S MOTION TO STAY

Plaintiff's December 16, 2025, Motion to Stay This Case (the "Motion to Stay") should be denied for three reasons. First, it is premised on the existence of a motion filed by Defendant-Intervenor US Wind, Inc. ("US Wind") in a parallel proceeding that has nothing to do with his claims in this matter. Second, the Motion to Stay is moot because the aforesaid motion was denied the same day Plaintiff filed his Motion to Stay. And third a stay would disserve the interests of judicial economy because US Wind's motion to dismiss this case in its entirety is fully briefed.

**First**, Plaintiff has in no way been prejudiced by a preliminary injunction motion that Defendant-Intervenor US Wind, Inc. ("US Wind") filed in parallel

1

District of Maryland litigation based on issues completely distinct from Plaintiff's claims in this matter.

Plaintiff is correct that US Wind has filed cross-claims against Federal Defendants in *Mayor & City Council of Ocean City, Maryland v. U.S. Department of the Interior*, No.1:24-cv-3111 (D. Md.) ("*Ocean City*"), and sought a preliminary injunction to prevent Federal Defendants from unlawfully revoking or otherwise disturbing US Wind's federal approvals for the Maryland Offshore Wind Project (the "Project") while the District of Maryland considers the merits of plaintiffs' claims in that case. *Ocean City*, D.I. 77, 92. As US Wind has previously advised this Court, the claims in *Ocean City* are completely different from Plaintiff's claims in the instant matter. D.I. 32 at 8-9.

Yet Plaintiff nonetheless argues that granting the *Ocean City* preliminary injunction would "interfere with this case and undermine Plaintiff's ability to obtain relief from this Court" by

> "block[ing] the Federal Defendants from (a) disclosing in this Case or in connection with its ongoing review of US Wind's COP any facts that may support Plaintiffs claims that the Federal Defendants violated the Coastal Zone Management Act in approving US Wind's COP, (b) conceding on any legal issues underlying Plaintiff's claims, or (c) taking (or failing to take) any action in this Case that might "in any way undermine" the Federal Defendants' approval of US Wind's COP.

D.I. 45 at 2-4. Not so. The preliminary injunction that US Wind requested in *Ocean City* (and the cross-claim upon which the request was based) was solely aimed at

2

preserving the status quo to ensure that the Federal Defendants would leave the Project's federal approvals alone during the pendency of that litigation; it would not have constrained Federal Defendants from filing whatever they want in any pending litigation, including this one.[1] Nor would a favorable ruling on Plaintiff's claim in this case prohibit the Federal Defendants from abiding by any order of this Court. Thus, the *Ocean City* filings referenced by Plaintiff have zero impact on this matter.

**Second**, US Wind's *Ocean City* preliminary injunction motion was actually *denied* the day before Plaintiff filed his Motion to Stay, thereby entirely mooting Plaintiff's Motion to Stay. *Mayor And City Council Of Ocean City, Maryland, v. U.S. Department Of The Interior*, No.1:24-cv-3111, 2025 WL 3628137 (D. Md. Dec. 15, 2025).[2] It appears that Plaintiff was unaware of the denial when he filed his

---

[1] Plaintiff also appears to argue separately that US Wind's counterclaim against the plaintiffs in *Ocean City*, which seeks a declaratory judgment that the Project approvals "were lawfully issued in compliance with APA, OCSLA, NEPA, ESA, MMPA, and NHPA" (and was not the subject of its preliminary injunction motion), *Ocean City*, D.I. 77, "squarely covers Plaintiff's claims in this case." While Plaintiff does not explain how this argument relates to the question of whether or not this case should be stayed, it is immaterial in any event because the APA claims made in *Ocean City* are completely different from the APA claims that Plaintiff has made in this matter. D.I. 32 at 8-9. In other words, a declaratory judgment in *Ocean City* would not determine the outcome of this matter.

[2] US Wind's cross-claims against Federal Defendants that underpinned its *Ocean City* preliminary injunction motion still remain live, but (as noted above) have no effect on Plaintiff or his claims in this case. Even if they did, however, a stay pending any decision on the merits of US Wind's *Ocean City* cross-claims would be functionally indefinite and therefore inappropriate. *See, e.g., Dover v. Diguglielmo*,

3

Motion to Stay, which was dated December 15, 2025 but not docketed until December 16. Nonetheless, counsel for US Wind emailed Plaintiff a copy of the denial order on December 17 along with a request that Plaintiff withdraw his Motion to Stay. Notwithstanding Plaintiff's purported interest in "judicial economy," D.I. 45 at 1, he declined to withdraw his motion without explanation on December 18— thereby necessitating this opposition.

**Third**, even if the proceedings in *Ocean City* had anything to do with Plaintiff or his claims in this matter, the interests of judicial economy weigh strongly in favor of denying the Motion to Stay. US Wind's motion to dismiss is fully briefed and a ruling should dispose of this case in its entirety. D.I. 30 & 31. *See Brunelle v. City of Scranton*, No. 3:15-CV-960, 2018 WL 3717210, at *3 (M.D. Pa. July 13, 2018), ("[E]ntry of a stay would be inappropriate and premature at this time since it would delay the resolution of the pending, and potentially dispositive, motions filed by the [intervenor] defendants."). There is simply no reason to let this case linger indefinitely due to unrelated activity in a parallel matter. Plaintiff's Motion to Stay should be denied.[3]

---

181 F. App'x 234, 237 (3d Cir. 2006) (noting that a stay of indefinite duration "can itself constitute an abuse of discretion").

[3] Given the many other reasons for denying the Motion to Stay, the Court need not reach the issue of harm to US Wind. However, it should be noted that the case that Plaintiff cites for the proposition that hardship to US Wind from his requested stay would be "insubstantial," *Town and County of Nantucket, Massachusetts v.*

---

*Burgum*, 2025 WL 3120419 (D.D.C. Nov. 4, 2025) ("*Nantucket*"), is inapposite. D.I. 47 at 5-6. First and foremost, the court in *Nantucket* stayed those proceedings incidental to granting the government's motion to voluntarily remand that project's federal approvals. *Id.* at *5. But the court in *Ocean City* has *denied* Federal Defendants' request for a remand and vacatur of the Project's federal approvals, *Ocean City*, D.I. 118, which obviated any need for a stay. Federal Defendants appear to concur, as they recently withdrew their own motion to stay this matter (which has no pending remand motion). D.I. 46. Moreover, to the extent a stay of this matter may contribute to any Project delays, the stakes are even higher than for the project at issue in *Nantucket*: the Project is fully permitted, while the project in *Nantucket* still lacks several key permits (albeit due to delays by the federal government). *Nantucket*, D.I. 26 at 7.

<div style="columns:2">

Of Counsel:
Toyja E. Kelley, Sr.
Emily Huggins Jones
Gregory Waterworth
TROUTMAN PEPPER LOCKE LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004
Tel.: 202-220-6900
toyja.kelley@troutman.com
emily.hugginsjones@troutman.com
greg.waterworth@troutman.com

Hilary Tompkins (*pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street N.W.
Washington, D.C. 20004
Telephone: (202) 637-5617
hilary.tompkins@hoganlovells.com

David Newmann (*pro hac vice*)
HOGAN LOVELLS US LLP
1735 Market St., 23d Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
david.newmann@hoganlovells.com

Dated:  December 22, 2025

Respectfully submitted,

*/s/ James H. S. Levine*
James H. S. Levine (Del. Bar No. 5355)
TROUTMAN PEPPER LOCKE LLP
Hercules Plaza, Suite 1000
1313 Market Street
Wilmington, DE 19801
Tel.: 302-777-6500
james.levine@troutman.com

*Counsel for Defendant-Intervenor US Wind, Inc.*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, a true and correct copy of the foregoing **DEFENDANT-INTERVENOR US WIND'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY** has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on Plaintiff via U.S. Postal Mail at the address below:

> Edward E. Bintz
> 922 N. Cleveland St.
> Arlington, VA 22201
>
> *Plaintiff Pro Se*.

Dated: December 22, 2025                     */s/ James H. S. Levine*
                                                                  James H.S. Levine (Del. Bar No. 5355)

323250333v5